| | |
|---|---|
| 1 | LANE POWELL PC |
| | Callie A. Castillo, WSBA No. 38214 |
| 2 | Devon J. McCurdy, WSBA No. 52663 |
| | Angela Foster, WSBA No. 52269 |
| 3 | Daniel Miller, WSBA No. 56810 |
| | 1420 Fifth Avenue, Suite 4200 |
| 4 | P.O. Box 91302 |
| | Seattle, Washington 98111-9402 |
| 5 | Telephone: 206.223.7000 |
| | Facsimile: 206.223.7107 |
| 6 | castilloc@lanepowell.com |
| | mccurdyd@lanepowell.com |
| 7 | fostera@lanepowell.com |
| | millerd@lanepowell.com |
| 8 | *Counsel for the Homeowners, Builders, and Suppliers* |
| | |
| 9 | BAKER BOTTS L.L.P. |
| | Megan H. Berge (DC Bar No. 983714) (*pro hac vice*) |
| 10 | Thomas Jackson (DC Bar No. 384708) (*pro hac vice*) |
| | Scott Novak (DC Bar No. 1736274) (*pro hac vice*) |
| 11 | 700 K Street NW |
| | Washington, D.C. 20001 |
| 12 | 202-639-1308 |
| | megan.berge@bakerbotts.com |
| 13 | thomas.jackson@bakerbotts.com |
| | scott.novak@bakerbotts.com |
| 14 | Francesca Eick (WA Bar No. 52432) |
| | 401 S 1st, Suite 1300 |
| 15 | Austin, TX 78704 |
| | 512-322-2672 |
| 16 | francesca.eick@bakerbotts.com |
| | |
| 17 | RANDALL | DANSKIN, P.S. |
| | Brook L. Cunningham, WSBA #39270 |
| 18 | 601 W. Riverside Avenue, Suite 1500 |
| | Spokane, WA 99201 |
| 19 | Telephone: (509) 747-2502 |
| | Fax: (509) 624-2528 |
| 20 | Email: blc@randalldanskin.com |
| | *Counsel for the Utilities* |

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION- i
CASE NO. 1:23-cv-03070-SAB

| | |
|---|---|
| JAMON RIVERA, an individual; INLAND NW AGC, a membership organization; SPOKANE HOME BUILDER'S ASSOCIATION, a nonprofit corporation; WASHINGTON STATE ASSOCIATION OF UA PLUMBERS, PIPEFITTERS AND HVAC/R SERVICE TECHNICIANS, a labor organization; CONDRON HOMES LLC, a limited liability company; PARAS HOMES LLC, a limited liability company; GARCO CONSTRUCTION INC., a for-profit corporation, NATIONAL PROPANE GAS ASSOCIATION, a national trade association, CITIZEN ACTION DEFENSE FUND, a nonprofit corporation; AVISTA CORPORATION; CASCADE NATURAL GAS CORPORATION; AND NORTHWEST NATURAL GAS COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE BUILDING CODE COUNCIL; KJELL ANDERSON, JAY ARNOLD, TODD BEYREUTHER, JUSTIN BOURGAULT, MICAH CHAPPELL, ANTHONY DOAN, DAIMON DOYLE, TOM HANDY, ROGER HEERINGA, MATTHEW HEPNER, CRAIG HOLT, TYE MENSER, PETER RIEKE, KATY SHEEHAN, CAROLINE TRAUBE, in their official capacities,<br><br>Defendants. | No. 1:23-cv-03070-SAB<br><br>**SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>July 18, 2023<br>With Oral Argument: 10:00 a.m. |

# I. INTRODUCTION

In an attempt to evade this Court's review of the federally preempted Appliance Restrictions, Defendants have filed a sur-reply, ECF No. 54-1, directly asserting for the first time that Plaintiffs cannot sue under the *Ex parte Young* exception the state officials who mandate enforcement of the Appliance Restrictions. Binding Ninth Circuit precedent repudiates this constricted interpretation of *Ex parte Young*, which would leave county and city officials solely liable for the state Defendants' unlawful actions. Further, Defendants have proper notice of the preliminary injunction requested by Plaintiffs.

# II. ARGUMENT

## A. Defendants fit squarely into the *Ex parte Young* exception to Eleventh Amendment sovereign immunity.

Defendants' attempt to narrow the *Ex parte Young* exception and insulate their federally preempted actions from this Court's federal question jurisdiction cannot be squared with recent Ninth Circuit precedent.[1] The exception applies to lawsuits where, as here, there is "**some connection** between a named state officer and enforcement of" the challenged regulations. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (emphasis added). "The lack of any

---

[1] The Court should not consider Defendants' citation of their motion to dismiss in their sur-reply, as the motion to dismiss has been stricken. *Compare* ECF No. 54-1 at 2 (citing motion to dismiss) *with* ECF No. 50 (striking motion to dismiss).

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 1
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

enforcement proceeding" under the challenged regulations "does not preclude" suit. *Los Angeles Cnty. Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992); *see also Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) ("[A] plaintiff need not show that a 'present threat of enforcement' exists before invoking the *Ex Parte Young* exception.").

The Ninth Circuit's recent decision in *Mecinas v. Hobbs* is on point and determinative. 30 F.4th 890 (9th Cir. 2022). In that case, the Ninth Circuit permitted suit under *Ex parte Young* against the Arizona Secretary of State to enjoin the effectiveness of regulations the Secretary promulgated that local county officials "***[had] no discretion to disregard***." *Id.* at 903 (emphasis added). The Ninth Circuit held that "[t]he 'connection' required under *Ex parte Young* demands merely that the implicated state official have a ***relevant role*** that goes beyond "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision' . . . .", and that "***given the Secretary's role in promulgating the [regulations], that modest requirement is far exceeded***." *Id.* at 903–04 (emphasis added).

The SBCC council members' role in promulgating and adopting the Appliance Restrictions far exceed *Ex parte Young's* modest requirement as well. Adoption of the Appliance Restrictions by these named Defendants requires that city and county officials enforce them. RCW 19.27.050 (stating SBCC-adopted building

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 2
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

codes "shall be enforced by the counties and cities"). Just like the county officials in *Mecinas*, the city and county officials here "have no discretion to disregard" the regulations at issue. *See Mecinas*, 30 F.4th at 903. By adopting the federally preempted Appliance Restrictions, the Defendants mandated their enforcement in a manner that is "direct" and "binding." *See Planned Parenthood of Idaho, Inc.*, 376 F.3d at 919. This mirrors *Mecinas* and satisfies the *Ex parte Young* exception.

Defendants' citations to cities' and counties' alleged home rule authority is inapposite. The binding effect of the Defendants' building code mandates on the local level is the anthesis of home rule. *See* ECF No. 54-1 at 4–5. The SBCC-adopted building codes set a floor for "minimum performance standards and objectives" of local building regulations, RCW 19.27.060(1), and cities and counties cannot simply choose not to comply with the building codes adopted by the Defendants, RCW 19.27.050.[2] Without question, the Defendants' adoption of the Appliance Restrictions has a binding effect on all Washington localities.

Under Defendants' cramped interpretation of *Ex parte Young*, Plaintiffs would have to sue every single county and city building code official in order for a federal court to rule on the federal question at the heart of this case and provide

---

[2] In fact, local building code regulations differing from SBCC-adopted codes that affect "single-family or multifamily residential buildings" generally cannot be effective without the Defendants' approval, RCW 19.27.060(1)(a).

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 3
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

adequate, state-wide relief. In effect, the state Defendants assert that these local officials should be forced to face the legal consequences of the state officials' unlawful actions. This would inflict an inequitable burden on Plaintiffs and localities alike, many of which do not have the resources to spare to defend the actions of the state.

Finally, Defendants' slippery slope hypothetical of plaintiffs suing "every state legislator" has no application here. ECF No. 54-1 at 5. Plaintiffs have not sued any state legislators in this suit—instead, consistent with Ninth Circuit precedent, Plaintiffs have sued the state agency officials who mandated the enforcement of federally preempted regulations.

## B. Defendants have proper notice of Plaintiffs' requested preliminary injunction against them.

Defendants also make a formalistic argument that Plaintiffs' request for injunctive relief against the individual council members comes without proper notice. However, as the individually-named Defendants are members of the SBCC and have been directly involved in actions responsive to Plaintiffs' initial request for injunctive relief, *see, e.g.*, ECF No. 41, it can hardly be said that notice to them is lacking. Plaintiffs do not seek relief greater than originally sought in the motion but, in the interest of efficiency and judicial economy, only amended the complaint to confirm the proper parties to the injunction. To the extent the Court desires Plaintiffs to file an amended motion and proposed order listing the individually-named

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 4
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

Defendants, Plaintiffs can do so. But no purpose will be served by forcing the parties to re-brief the motion, and the Court can proceed to consider now whether Plaintiffs are entitled to preliminary relief against the individual Defendants.

## III.  CONCLUSION

For the reasons stated in their motion and here, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for preliminary injunction.

DATED: July 14, 2023

By: /s/ Brook L. Cunningham
Brook L. Cunningham, WSBA #39270
RANDALL | DANSKIN, P.S.
601 W. Riverside Avenue, Suite 1500
Spokane, WA 99201
Telephone: (509) 747-2502
Fax: (509) 624-2528
Email: blc@randalldanskin.com

BAKER BOTTS L.L.P.
Megan H. Berge (DC Bar No. 98371)
Thomas Jackson (DC Bar No. 384708)
Scott Novak (DC Bar No. 1736274)
700 K Street NW
Washington, D.C. 20001
Telephone:  202-639-1308
megan.berge@bakerbotts.com
thomas.jackson@bakerbotts.com
scott.novak@bakerbotts.com

Francesca Eick (WA Bar No. 52432)
401 S 1st, Suite 1300
Austin, TX 78704

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 5
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

| | |
|---|---|
| 1 | Telephone: 512-322-2672 |
| 2 | francesca.eick@bakerbotts.com |
| 3 | *Counsel for the Utilities* |
| 4 | |
| 5 | |
| 6 | By: _/s/ *Callie A Castillo*_____ |
| 7 | LANE POWELL PC<br>Callie A. Castillo, WSBA No. 38214 |
| 8 | Devon J. McCurdy, WSBA No. 52663<br>Angela Foster, WSBA No. 52269 |
| 9 | Daniel Miller, WSBA No. 56810<br>1420 Fifth Avenue, Suite 4200 |
| 10 | P.O. Box 91302<br>Seattle, Washington 98111-9402 |
| 11 | Telephone: 206.223.7000<br>castilloc@lanepowell.com |
| 12 | mccurdyd@lanepowell.com<br>fostera@lanepowell.com |
| 13 | millerd@lanepowell.com<br>*Counsel for the Homeowners, Builders, and Suppliers* |

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 6
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

July 14, 2023

Respectfully submitted,

 /s/ Brook L. Cunningham
Brook L. Cunningham, WSBA #39270
RANDALL | DANSKIN, P.S.
601 W. Riverside Avenue, Suite 1500
Spokane, WA 99201
Telephone: (509) 747-2502
Fax: (509) 624-2528
Email: blc@randalldanskin.com

SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION - 7
CASE NO. 1:23-cv-03070-SAB

BAKER BOTTS L.L.P.
700 K ST NW
WASHINGTON, D.C. 20001
202-639-1308