R. JULY SIMPSON, WSBA #45869
WILLIAM MCGINTY, WSBA #41868
SARAH E. SMITH, WSBA #55770
DIERK MEIERBACHTOL, WSBA #31010
Assistant Attorneys General
EMMA GRUNBERG, WSBA #54659
Deputy Solicitor General
Washington Attorney General's Office
7141 Cleanwater Dr. SW
Olympia, WA 98504-0111
P.O. Box 40111
(360) 709-6470
July.Simpson@atg.wa.gov
William.McGinty@atg.wa.gov
Sarah.E.Smith@atg.wa.gov
Dierk.Meierbachtol@atg.wa.gov
Emma.Grunberg@atg.wa.gov
*Attorneys for Defendants*
*Washington State Building Code Council,*
*Kjell Anderson, Jay Arnold, Todd Beyreuther,*
*Justin Bourgault, Micah Chappell, Anthony Doan,*
*Daimon Doyle, Tom Handy, Roger Heringa,*
*Matthew Hepner, Craig Holt, Tye Menser,*
*Peter Rieke, Katy Sheehan, Caroline Traube*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMON RIVERA, et al., | NO. 1:23-cv-03070-SAB |
| Plaintiffs, | DEFENDANTS' MOTION TO DISMISS |
| v. | September 5, 2023 |
| WASHINGTON STATE BUILDING CODE COUNCIL, et al., | Without Oral Argument |
| Defendants, | |
| CLIMATE SOLUTIONS, et al., | |
| Defendant-Intervenors. | |

DEFENDANTS' MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1

## TABLE OF CONTENTS

2  I.    INTRODUCTION ...................................................................................... 1

3  II.   STATEMENT OF FACTS ........................................................................ 2

4        A.  The State Building Code Council's Role is to Establish Minimum
             Building Code Requirements to Promote the Health, Safety, and
5            Welfare of Washingtonians ............................................................. 2

6        B.  The Adoption and Delay of the Challenged Rules and the
             SBCC's Initiation of Amended Rulemaking ................................... 3
7
             1.  The SBCC passes space and water heating rules for new
8                construction, initially intended to be effective July 1, 2023 .. 3

9            2.  The Energy Policy and Conservation Act and the Ninth
                 Circuit's recent ruling in *California Restaurant Association*
10               *v. City of Berkeley* ................................................................. 4

11           3.  The SBCC delays the rules' effective date to permit amended
                 rulemaking in light of *California Restaurant Association* ..... 5
12
         C.  Plaintiffs' Lawsuit and Procedural History ................................... 6
13
     III.  LEGAL STANDARD ............................................................................ 7
14
     IV.   ARGUMENT ........................................................................................ 10
15
         A.  Plaintiffs' Claims are Barred by the Eleventh Amendment ....... 11
16
         B.  Plaintiffs Cannot Establish Justiciability Under Article III ........ 15
17
             1.  Plaintiffs cannot show Article III standing or ripeness ........ 16
18
             2.  This case is not prudentially ripe ......................................... 19
19
     V.    CONCLUSION ................................................................................... 20

20

21

22

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1

### TABLE OF AUTHORITIES

2

<u>Cases</u>

3

*AAMC v. United States*,
    217 F.3d 770 (9th Cir. 2000)..............................................................................9

4

*Air Conditioning and Refrigeration Inst. v. Energy Res. Conserv. & Dev.*,
    410 F.3d 492 (9th Cir. 2005)...........................................................................4, 5

5

*California Restaurant Ass'n v. City of Berkeley*,
    65 F.4th 1045 (9th Cir. 2023) ...................................................................1, 5, 16

6

7

*Cetacean Cmty. v. Bush*,
    386 F.3d 1169 (9th Cir. 2004)............................................................................8

8

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010)............................................................................8

9

10

*Doe v. Holy See*,
    557 F.3d 1066 (9th Cir. 2009) (per curiam)......................................................8

11

*Doe v. Regents of the Univ. of California*,
    891 F.3d 1147 (9th Cir. 2018)............................................................................8

12

13

*Douglas v. California Dep't of Youth Auth.*,
    271 F.3d 812 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001)............12, 15

14

*Ex parte Young*,
    209 U.S. 123 (1908)...........................................................................................13

15

16

*Hull v. Hunt*,
    331 P.2d 856 (1958)...........................................................................................18

17

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994)............................................................................................9

18

19

*Long v. Van de Kamp*,
    961 F.2d 151 (9th Cir.1992)........................................................................13, 14

20

*Los Angeles Cnty. Bar Ass'n v. Eu*,
    979 F.2d 697 (9th Cir. 1992)......................................................................13, 15

21

22

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

ii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ..............................................................16, 18

*Minnesota Auto Dealers Ass'n v. Minnesota by & through Minnesota Pollution Control Agency*,
   520 F. Supp. 3d 1126 (D. Minn. 2021) ...........................................15

*Mitchell v. Los Angeles Community College Dist.*,
   861 F.2d 198 (9th Cir. 1988) .........................................................11

*Mochizuki v. King County*,
   548 P.2d 578 (1976) ......................................................................14

*Pistor v. Garcia*,
   791 F.3d 1104 (9th Cir. 2015) .........................................................7

*Pritikin v. Dep't of Energy*,
   254 F.3d 791 (9th Cir. 2001) .........................................................18

*Renne v. Geary*,
   501 U.S. 312 (1991) ........................................................................8

*Romano v. Bible*,
   169 F.3d 1182 (9th Cir. 1999) .......................................................11

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ................................................8, 9, 10

*Sato v. Orange Cnty. Dep't of Educ.*,
   861 F.3d 923 (9th Cir. 2017) ...........................................................7

*Seminole Tribe of Florida v. Florida*,
   517 U.S. 44 (1996) ........................................................................11

*Sofamor Danek Grp., Inc. v. Brown*,
   124 F.3d 1179 (9th Cir. 1997) ....................................................7, 11

*Thomas v. Anchorage Equal Rights Comm'n*,
   220 F.3d 1134 (9th Cir. 2000) (en banc) .................................16, 17

*Trump v. New York*,
   141 S. Ct. 530 (2020) ...............................................................16, 17

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

iii

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

*Twitter, Inc. v. Paxton*,
  56 F.4th 1170 (9th Cir. 2022) .......................................................................19

*Watson v. City of Seattle*,
  401 P.3d 1 (2017)........................................................................................14

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000).......................................................................9

*Wolfson v. Brammer*,
  616 F.3d 1045 (9th Cir. 2010).....................................................................19

<u>Constitutional Provisions</u>

U.S. Const. art. III.................................................................................passim

U.S. Const. amend. XI...........................................................................passim

Wash. Const. art. XI, § 10 ..........................................................................14

Wash. Const. art. XI, § 4 ............................................................................14

<u>Regulations</u>

22-14 Wash. Reg. 091 (July 1, 2022) § 403.1.4....................................3

22-14 Wash. Reg. 091 (July 1, 2022) § 404.2.1....................................3

22-14 Wash. Reg. 091 (July 1, 2022) § 403.1.4(9) ...............................3

23-02 Wash. Reg. 060 (January 3, 2023) § 403.13 ...............................3

23-02 Wash. Reg. 060 (January 3, 2023) § 403.5.7 ..............................3

Wash. Admin. Code § 51-04-010..........................................................2

Wash. Admin. Code § 51-04-020..........................................................3

Wash. Admin. Code § 51-04-020(3)......................................................3

Wash. Admin. Code § 51-04-025..........................................................3

<u>Rules</u>

iv

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Fed. R. Civ. P. 12(b)(1) ...........................................................................7

Fed. R. Civ. P. 12(b)(6) ...........................................................................7

Statutes

42 U.S.C. § 6201 ....................................................................................4

42 U.S.C. § 6292 ....................................................................................5

42 U.S.C. § 6295 ....................................................................................5

42 U.S.C. § 6297(f)(3) ..........................................................................16

Wash. Rev. Code § 4.92 .......................................................................12

Wash. Rev. Code § 19.27.020 ................................................................2

Wash. Rev. Code § 19.27.031 ...........................................................2, 12

Wash. Rev. Code § 19.27.050 ...........................................................2, 13

Wash. Rev. Code § 19.27.070 .....................................................2, 11, 12

Wash. Rev. Code § 19.27.074 ................................................................2

Wash. Rev. Code § 19.27.074(1) .....................................................12, 13

Wash. Rev. Code § 19.27.074(1)(a) ........................................................3

Wash. Rev. Code § 19.27.074(1)(c) ........................................................3

Wash. Rev. Code § 19.27.074(2) ..........................................................12

Wash. Rev. Code § 19.27.074(3) ..........................................................12

Wash. Rev. Code § 19.27A.020(2)(a) ......................................................4

Wash. Rev. Code § 19.27A.130 ..............................................................2

Wash. Rev. Code § 19.27A.160(2) ..........................................................4

Wash. Rev. Code § 34.05.360 ...............................................................17

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

v

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Wash. Rev. Code § 34.05.380 ...............................................................17

Wash. Rev. Code § 34.05.380(2)..........................................................20

Wash. Rev. Code § 43.19.005(1)....................................................11, 12

<u>Other Authorities</u>

H.R. Rep. No. 94-340 (1975),
    *reprinted in* 1975 U.S.C.A.A.N. 1762 ...........................................4

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

vi

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# I.    INTRODUCTION

To further the Washington Legislature's goals of reducing energy consumption and greenhouse gas emissions, the State Building Code Council (SBCC) adopted statewide building code provisions requiring the installation of heat pumps in certain circumstances. The rules were originally meant to take effect on July 1, 2023. However, the SBCC delayed the effective date to October 29, 2023, in order to make modifications to the codes following the Ninth Circuit's decision in *California Restaurant Association v. City of Berkeley*, 65 F.4th 1045 (9th Cir. 2023) and EPCA. As that decision noted, state building codes are exempt from preemption if they meet certain statutory criteria. The SBCC is actively considering proposals to amend its rules to fit within this exemption.

Plaintiffs' Amended Complaint nonetheless challenges the now-delayed rules on federal preemption grounds, but their claims suffer from two fatal jurisdictional flaws. First, Plaintiffs' lawsuit is still barred by the Eleventh Amendment, which prohibits private parties from suing state agencies in federal court. That alone requires dismissal.

Second, Plaintiffs' Amended Complaint is not justiciable under Article III standing and ripeness requirements. Plaintiffs cannot show any actual or imminent injury from the delayed rules; to the contrary, the SBCC delayed them specifically to allow for rule amendments to address preemption concerns. The Court should therefore dismiss this case.

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

## II.    STATEMENT OF FACTS

**A.    The State Building Code Council's Role is to Establish Minimum Building Code Requirements to Promote the Health, Safety, and Welfare of Washingtonians**

As Washington's Legislature has found, "energy efficiency is the cheapest, quickest, and cleanest way to meet rising energy needs, confront climate change, and boost our economy." Wash. Rev. Code § 19.27A.130. To meet those goals, Washington, like most other states, has adopted a building energy code. Washington's building codes are enacted by the SBCC, a state quasi-legislative agency with members representing a broad range of stakeholder interests. *See* Wash. Rev. Code §§ 19.27.031; .070; .074; .020. The SBCC establishes the minimum statewide building, residential, mechanical, fire, plumbing, and energy code requirements to promote the health, safety, and welfare of Washingtonians. *Id.* at § .020(1); Wash. Admin. Code § 51-04-010. The SBCC and its members have no enforcement authority; they cannot approve or deny building code applications, nor can they enforce the code. Wash. Rev. Code § 19.27.050. Rather, local building code officials in cities, counties, and other municipalities are responsible for approval of permit applications and code enforcement. *Id.*

In accordance with its purpose, the SBCC regularly amends the state building codes to accommodate technological advances and address novel problems. This process usually begins when the International Code Council releases new editions of model codes, and ends with the formal adoption of the state building code as amended by the SBCC. *See generally* Wash. Admin. Code

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

§ 51-04-020 (rules for consideration of proposed statewide amendments). This process occurs in a three-year cycle, in line with the release of the ICC model codes. Wash. Rev. Code § 19.27.074(1)(a), (c). When a new model code is released, the SBCC allows anyone with an interest to petition the SBCC to amend the new model code. Wash. Admin. Code § 51-04-020(3), Wash. Admin. Code § 51-04-025.

**B.    The Adoption and Delay of the Challenged Rules and the SBCC's Initiation of Amended Rulemaking**

       **1.    The SBCC passes space and water heating rules for new construction, initially intended to be effective July 1, 2023**

In late 2022 and early 2023, the SBCC amended the Washington State Energy Code to generally require installation of heat pump heating, ventilation, and air conditioning (HVAC) appliances and heat pump water heaters in new commercial and residential buildings, effective July 1, 2023. 22-14 Wash. Reg. 091 (July 1, 2022) §§ 403.1.4, 404.2.1; 23-02 Wash. Reg. 060 (January 3, 2023) §§ 403.5.7, 403.13.[1] These rules have multiple exceptions, including allowance of fossil fuel burning appliances in certain circumstances. *E.g.,* 22-14 Wash. Reg. 091 (July 1, 2022) § 403.1.4(9) (permitting an exception for "[p]ortions of buildings that require fossil fuel or electric resistance space heating for specific

---

[1] For ease of reference, the relevant amendments to the Commercial Energy Code are attached to this brief as Appendix A. The amendments to the Residential Energy Code are attached as Appendix B.

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    conditions *approved* by the *code official* for research, health care, process or other

2    specific needs that cannot practicably be served by heat pump or other space

3    heating systems.").

4        These amendments were enacted in part to further the Legislature's

5    mandate to reduce the carbon footprint of new construction. *See* Wash. Rev. Code

6    §§ 19.27A.020(2)(a) (articulating state goal of building zero fossil-fuel

7    greenhouse gas emission homes and buildings by 2031); 19.27A.160(2)

8    (requiring the SBCC to adopt state energy codes that "incrementally move

9    towards achieving the seventy percent reduction in annual net energy

10    consumption" by 2031).

11        **2.    The Energy Policy and Conservation Act and the Ninth**
12        **Circuit's recent ruling in *California Restaurant Association v.***
        **City of Berkeley**

13        Following the 1970s oil embargo and subsequent energy crisis, Congress

14    passed the Energy Policy and Conservation Act (EPCA), the nation's first

15    "comprehensive national energy policy." *See* H.R. Rep. No. 94-340, at 20 (1975),

16    *reprinted in* 1975 U.S.C.A.A.N. 1762, 1782; *see generally Air Conditioning and*

17    *Refrigeration Inst. v. Energy Res. Conserv. & Dev.*, 410 F.3d 492, 498–99 (9th

18    Cir. 2005). Increasing energy efficiency and decreasing domestic energy

19    consumption are explicitly listed as core purposes of the Act. *See* 42 U.S.C.

20    § 6201 (EPCA's purposes include conserving energy and water supplies and

21    improving the energy efficiency of "major appliances" and other consumer

22    products). As the Ninth Circuit has noted, "EPCA was designed, in part, to reduce

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    the United States' 'domestic energy consumption through the operation of

2    specific voluntary and mandatory energy conservation programs.'" *Air*

3    *Conditioning and Refrigeration Inst.*, 410 F.3d at 498–99 (quoting S. Rep. No.

4    94-516, at 117 (1975)).

5          EPCA establishes energy efficiency standards for certain consumer

6    products, and requires the U.S. Department of Energy to review and update the

7    standards for those products periodically. 42 U.S.C. §§ 6292, 6295.

8          In April 2023, the Ninth Circuit ruled in *California Restaurant*

9    *Association*, 65 F.4th 1045 (9th Cir. 2023), that EPCA preempted a city ordinance

10    that generally prohibited installation of natural gas piping in newly constructed

11    buildings. In so holding, the court determined that EPCA's express preemption

12    provision is not just limited to state and local rules that directly regulate the

13    energy efficiency or usage of EPCA-covered products, but rather extends to rules

14    indirectly affecting the energy usage of such products. *Id.* at 1048, 1050–56. The

15    City of Berkeley's petition for rehearing en banc is currently pending, supported

16    by the United States. *See* City of Berkeley's Petition for Rehearing En Banc,

17    *California Restaurant Ass'n v. City of Berkeley*, 65 F.4th 1045 (9th Cir. May 31,

18    2023) (No. 21-16278), ECF No. 92.

19        **3.**    **The SBCC delays the rules' effective date to permit amended**
20            **rulemaking in light of *California Restaurant Association***

          Following the Ninth Circuit's ruling, the SBCC called a special meeting to

21

22    consider the decision's impact on the Energy Code. Decl. of Stoyan Bumbalov

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

(Bumbalov Decl.) ¶ 11, Ex. A. At the meeting, the SBCC voted to postpone the implementation of its amendments to the Energy Code. *Id*. ¶ 11. The SBCC filed a CR 103P Rulemaking Order to effectuate the delay of the rules to October 29, 2023, "to evaluate what, if any, changes may be necessary . . . to maintain compliance with [EPCA] given the recent Ninth Circuit Court of Appeals ruling[.]" *Id*. at ¶¶ 12–13, Ex. B.

The SBCC also voted at the special meeting to initiate rulemaking to amend the Energy Code if necessary to maintain compliance with EPCA in light of the Ninth Circuit's decision. *Id.* at ¶ 14. The SBCC then initiated rulemaking by filing CR 101 Preproposal Statement of Inquiry forms on May 30, 2023. *Id. at* ¶ 15, Ex. C. The SBCC requested code change proposals with an initial deadline of June 9, 2023, and these proposals will go through the SBCC's internal review process. *Id.* at ¶ 16. If it appears that rulemaking to amend the rules cannot be completed by October 29, the SBCC can vote to file additional CR 103P forms modifying the rules' effective date, thereby further delaying the rules. *Id*. at ¶ 18.

## C.    Plaintiffs' Lawsuit and Procedural History

Plaintiffs filed this lawsuit on May 22, 2023, seeking a permanent injunction enjoining the SBCC from enforcing the now-delayed rules, and a declaratory judgment that EPCA preempts them. ECF No. 1 at 25 ¶¶ 89–93. In their original complaint, Plaintiffs only named the SBCC as a defendant. *See generally id.* Plaintiffs also moved for a preliminary injunction to be heard on July 18, 2023. ECF Nos. 25, 26.

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    The SBCC earlier moved to dismiss and opposed the entry of a preliminary

2    injunction because the Eleventh Amendment bars Plaintiffs' lawsuit, among

3    other reasons. ECF No. 38 at 22–25; ECF No. 43 at 3–5. In response, Plaintiffs

4    amended their complaint naming each member of the SBCC in their official

5    capacity as a Defendant. ECF No. 47; *see also* ECF No. 48 at 3 ("Defendants'

6    argument that Plaintiffs' claims are barred by the 11th Amendment has been

7    rendered moot by the Plaintiffs' Amended Complaint . . . ."). The SBCC

8    withdrew its motion to dismiss, and Defendants now file this motion to address

9    the addition of the new defendants.

10                        **III.   LEGAL STANDARD**

11    The Eleventh Amendment prohibits private suits against states and state

12    agencies without their consent or waiver. *See Sofamor Danek Grp., Inc. v. Brown*,

13    124 F.3d 1179, 1183 (9th Cir. 1997). Eleventh Amendment immunity is

14    "quasi-jurisdictional," and may be raised under either Rule 12(b)(1) or Rule

15    12(b)(6). *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir.

16    2017) (collecting cases deciding sovereign immunity defenses under both rules);

17    *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Although sovereign

18    immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper

19    vehicle for invoking sovereign immunity from suit."). Under either theory,

20    dismissal with prejudice is required when the claims are barred by state sovereign

21    immunity pursuant to the Eleventh Amendment, and the issue of Eleventh

22    Amendment immunity must be resolved before reaching the merits of the case.

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1153–54 (9th Cir.

2    2018).

3      In addition, without Article III standing and ripeness, a court lacks subject

4    matter jurisdiction under Rule 12(b)(1) and the case must be dismissed. *Cetacean*

5    *Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). The presumption is "that

6    federal courts lack jurisdiction unless the contrary appears affirmatively from the

7    record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (quoting *Bender v.*

8    *Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Plaintiffs bear the

9    burden to establish Article III standing and ripeness and to show that prudential

10    ripeness concerns support review. *Chandler v. State Farm Mut. Auto. Ins. Co.*,

11    598 F.3d 1115, 1122 (9th Cir. 2010).

12      A Rule 12(b)(1) motion may challenge the existence of subject matter

13    jurisdiction in two ways. First, a "facial attack" asserts that "the allegations

14    contained in a complaint are insufficient on their face to invoke federal

15    jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

16    2004). The court will adjudicate the motion much as a Rule 12(b)(6) motion,

17    confining its analysis to the allegations contained in the complaint, documents

18    attached thereto or referenced therein, and any judicially noticeable facts, taking

19    all allegations of material fact as true and construing them in the light most

20    favorable to the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)

21    (per curiam).

22

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    Second, a "factual attack" disputes "the truth of the allegations that, by

2    themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*,

3    373 F.3d at 1039. In a factual attack, "the district court may review evidence

4    beyond the complaint without converting the motion to dismiss into a motion for

5    summary judgment," and it "need not presume the truthfulness of the plaintiff's

6    allegations." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

7    1039 n.2 (9th Cir. 2003)); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). If

8    the jurisdictional issue is separable from the case's merits, the court may consider

9    the evidence presented and resolve factual disputes where necessary to the

10   determination of jurisdiction. *AAMC v. United States*, 217 F.3d 770, 778 (9th Cir.

11   2000). In all cases, "[i]t is to be presumed that a cause lies outside this limited

12   jurisdiction [of the federal courts], and the burden of establishing the contrary

13   rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co.*

14   *of Am.*, 511 U.S. 375, 377 (1994).

15       In this case, this motion alleges a factual challenge to jurisdiction because

16   it challenges the truth of certain allegations in the Amended Complaint. *Safe Air*

17   *for Everyone*, 373 F.3d at 1039. Specifically, the Amended Complaint alleges

18   that the SBCC and its members direct the enforcement of the challenged

19   provisions. ECF No. 47 at 8 ¶ 30. But that is not true; the SBCC has no role in

20   the enforcement of the codes it enacts. ECF 40 at 2 ¶ 3. The Amended Complaint

21   further alleges that the challenged amendments became effective on July 1, 2023,

22   and that the SBCC's attempt to postpone their effectiveness was futile.

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    ECF No. 47 at 7, 10 ¶¶ 24–26. That allegation is separable from the merits of

2    Plaintiffs' claims, and it is not accurate. The Court may consider declarations to

3    resolve these factual questions and determine whether it has jurisdiction. *See Safe*

4    *Air for Everyone*, 373 F.3d at 1039 (a moving party may "convert[] the motion

5    to dismiss into a factual motion by presenting affidavits or other evidence

6    properly brought before the court[.]") (quoting *Savage*, 343 F.3d at 1039 n.2).

7    This motion therefore cites evidence relating to the SBCC's enforcement

8    authority and its decision to delay the rules' effective date and to initiate

9    rulemaking in light of the Ninth Circuit's decision in *California Restaurant*

10   *Association v. City of Berkeley*.

11                              **IV.    ARGUMENT**

12          The Court should dismiss Plaintiffs' claims for two separate reasons. First,

13   the Eleventh Amendment bars Plaintiffs from suing the SBCC or its members

14   because the SBCC itself is a state agency and none of the members of the SBCC

15   have any role in enforcing the building codes that Plaintiffs challenge. Second,

16   Plaintiffs lack Article III standing and ripeness. The rules they challenge on

17   federal preemption grounds have been delayed specifically in order to permit

18   time for rulemaking to ensure compliance with federal law in light of the Ninth

19   Circuit's recent decision. Plaintiffs' claimed injuries from the delayed rules are

20   therefore hypothetical and conjectural and insufficient to establish standing and

21   ripeness. This Court lacks subject matter jurisdiction.

22

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**A.    Plaintiffs' Claims are Barred by the Eleventh Amendment**

Plaintiffs' Amended Complaint must be dismissed under the "jurisdictional bar of the Eleventh Amendment," *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996), which prohibits "federal courts from hearing suits brought by private citizens against state governments without the state's consent," *Sofamor Danek Grp., Inc.*, 124 F.3d at 1183. This bar extends to actions against agencies of a state, such as the SBCC. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). To determine when an agency is an "arm of the state" for Eleventh Amendment immunity, the Ninth Circuit looks to five factors: whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity. *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).

Here, all five factors are met and the SBCC is squarely a state agency. First, a money judgment against the SBCC would be satisfied out of state funds. The SBCC is established as an quasi-legislative body housed within the Washington Department of Enterprise Services (DES), a State executive branch agency (Wash. Rev. Code §§ 19.27.070; 43.19.005(1))), its budget comes from the State legislature via appropriations (Wash. Rev. Code § 19.27.085(1)), and, as with all State agencies, the State is responsible for satisfying money judgments

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    against it (*see generally* Wash. Rev. Code § 4.92). Second, SBCC performs

2    central governmental functions, specifically adopting and maintaining statewide

3    building codes consistent with the State's interest (Wash. Rev. Code

4    § 19.27.074(1)(a)–(c)). Third, there is no statutory authorization for the SBCC to

5    sue or be sued, because it is "established in" DES, and so is not completely

6    independent of it (*id.* § .070), and the only work it does in its own name is the

7    promulgation of statewide building codes (*id.* § .074(1)). Fourth, the SBCC is not

8    authorized to take property in its own name. The SBCC's powers are delineated

9    by statute, and those powers are circumscribed to those necessary to promulgate

10   building codes. *See id.* § .074(2). Even employment of staff and provision of

11   administrative and information technology services is the responsibility of DES

12   rather than the SBCC itself. *Id.* § .074(3). And finally, as to corporate status, the

13   SBCC is a State statutory executive branch body. *See* Wash. Rev. Code §§

14   19.27.070; 43.19.005(1).

15        Accordingly, the Eleventh Amendment applies to bar suits against the

16   SBCC. There are only three narrow exceptions to this bar, and none apply here.

17   *See Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir.),

18   *amended*, 271 F.3d 910 (9th Cir. 2001).

19        **First**, the State has not waived its Eleventh Amendment defense. *See id*.

20        **Second,** Plaintiffs' claims against the SBCC and its members do not fall

21   within the narrow exception for suits seeking prospective injunctive relief against

22   state officials with "some connection with the enforcement of the act." *Ex parte*

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    *Young*, 209 U.S. 123, 157 (1908). The connection between the official sued and

2    enforcement of the challenged law "must be fairly direct," and even "a

3    generalized duty to enforce state law or general supervisory power over the

4    persons responsible for enforcing the challenged provision" does not suffice. *Los*

5    *Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (*citing Long v.*

6    *Van de Kamp*, 961 F.2d 151, 152 (9th Cir.1992)). Or, stated more directly:

7    "Absent a real likelihood that the state official will employ his supervisory

8    powers against plaintiffs' interests, the Eleventh Amendment bars federal court

9    jurisdiction." *Long*, 961 F.2d at 152.

10    Because the council members do not have a "fairly direct" connection to

11    enforcement of the challenged codes, *Ex parte Young* does not apply. The SBCC

12    and its members' statutory responsibility is to adopt and maintain statewide

13    building codes, consistent with the State's interest (Wash. Rev. Code

14    §§ 19.27.074(1)(a)–(c))). However, the SBCC lacks authority or any mechanism

15    to enforce the codes. This is because "[t]he state building code . . . shall be

16    enforced by the counties and cities[,]" and specifically by local building code

17    officials responsible for approval of building permit applications, as well as code

18    enforcement. Wash. Rev. Code § 19.27.050; *see also id.* § .031 (providing that

19    the SBCC "may issue opinions relating to the codes at the request of *a local*

20    *official charged with the duty to enforce the enumerated codes*") (emphasis

21    added); ECF No. 40. The council members have no duty to enforce the code, nor

22    do they have any ability or mechanism to do so.

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1         Further, individuals acting in their role as members of the council have no

2   supervisory power over the county and city officials who are responsible for code

3   enforcement. Rather, the Washington Constitution treats counties and cities as

4   separate political subdivisions of the State. Wash. Const. art. XI, §§ 4, 10. This

5   "home rule" principle "seeks to increase governmental accountability by limiting

6   state-level interference in local affairs." *Watson v. City of Seattle*, 401 P.3d 1, 10

7   (2017). No state officer or agency has general command-and-control over the

8   decisions of local governments. *See Mochizuki v. King County*, 548 P.2d 578,

9   580 (1976) ("Counties are considered separate political subdivisions with

10   particular powers conferred by constitution and statute."). The enforcement of

11   local building codes is no exception. Thus, the council members have no ability

12   to employ any supervisory powers to act "against plaintiffs' interests," and "the

13   Eleventh Amendment bars federal court jurisdiction." *Long*, 961 F.2d at 152.

14         Finally, Plaintiffs cannot overcome this barrier by claiming that adoption

15   of the codes is itself a directive to enforce the regulations statewide. ECF No. 48

16   at 4. Plaintiffs cite no Eleventh Amendment case law to support this novel

17   proposition. If it were sufficient, the Eleventh Amendment's protections would

18   be eviscerated. Any plaintiffs could bring any number of challenges against a

19   state by also naming as a defendant every state legislator—or, as here, every

20   member of a quasi-legislative state agency—and stating that passage of a law is

21   a directive to enforce that law. Even "a duty to enforce state law or general

22   supervisory power over the persons responsible for enforcing the challenged

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    provision" does not suffice to convey *Ex parte Young* jurisdiction. *Eu*, 979 F.2d

2    at 704. The act of adopting a building code or passing a law is even more remote.

3    *Ex parte Young* fails to save Plaintiffs' claims, which are barred by the Eleventh

4    Amendment.

5         **Third,** Congress has not abrogated the States' sovereign immunity. That

6    test requires Congress to "'unequivocally express[] its intent to abrogate' the

7    states' immunity in the legislation itself." *Douglas*, 271 F.3d at 818 (quoting

8    *Kimel v. Fl. Bd. of Regents*, 528 U.S. 62, 73 (2000)). EPCA does not contain any

9    unequivocal expression of Congress's intent to abrogate the states' immunity,

10   meaning the inquiry ends there. *See id.*

11        The Eleventh Amendment therefore bars Plaintiffs' claims against the

12   SBCC and its members and requires dismissal of the Amended Complaint. *See*

13   *Minnesota Auto Dealers Ass'n v. Minnesota by & through Minnesota Pollution*

14   *Control Agency*, 520 F. Supp. 3d 1126, 1132–33 (D. Minn. 2021) (dismissing

15   EPCA preemption claim against State of Minnesota and Minnesota Pollution

16   Control Agency as barred by the Eleventh Amendment).

17   **B.    Plaintiffs Cannot Establish Justiciability Under Article III**

18        The Amended Complaint must also be dismissed because it fails to show

19   justiciability under Article III and, therefore, the Court lacks subject matter

20   jurisdiction. This alone is reason to grant Defendants' motion. But this case is

21   also not prudentially ripe. Plaintiffs' preemption challenge is not fit for judicial

22   resolution, because the SBCC has delayed the rules in order to permit rulemaking

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   to ensure compliance with EPCA's preemption provision. And Plaintiffs have

2   shown no harm from delaying resolution until the SBCC's rulemaking process

3   runs its course and concrete facts develop.

### 1.    Plaintiffs cannot show Article III standing or ripeness

5       Two related doctrines of justiciability—each originating in the case-or-

6   controversy requirement of Article III—make clear that Plaintiffs' case is not

7   justiciable. First, Plaintiffs fail to assert the injury-in-fact necessary to

8   demonstrate standing, which must be "concrete and particularized and . . . actual

9   and imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504

10  U.S. 555, 560 (1992) (cleaned up). Second, the case must be "ripe"—it cannot

11  depend on "'contingent future events that may not occur as anticipated, or indeed

12  may not occur at all.'" *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting

13  *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Thomas v. Anchorage*

14  *Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

15      Plaintiffs cannot make either showing. The rules they claim will injure

16  them (*see* ECF No. 47 at 11 ¶¶ 42–48) have been delayed to allow the SBCC to

17  consider amended rules following the Ninth Circuit's preemption analysis in

18  *California Restaurant Association*. Bumbalov Decl. ¶¶ 11–17, Exs. B, C; Decl.

19  of Kjell Anderson (Anderson Decl.) ¶¶ 8–9. As that case pointed out, EPCA

20  explicitly exempts state building codes from preemption if they meet certain

21  criteria listed in 42 U.S.C. § 6297(f)(3). *See Cal. Restaurant Ass'n*, 65 F.4th at

22  1052. The purpose of the SBCC's rulemaking is to amend its rules to address

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    EPCA preemption. Bumbalov Decl., Ex. C; Anderson Decl. ¶ 8. If the process is

2    not complete by the rules' current effective date of October 29, 2023, the SBCC

3    can delay the effective date again by filing a new CR 103P form. Wash. Rev.

4    Code §§ 34.05.360, .380; *see also* Bumbalov Decl. ¶ 18; Anderson Decl. ¶ 10.

5    As a result, any injuries Plaintiffs allege will occur if the delayed rules go into

6    effect are the definition of "conjectural [and] hypothetical." *Lujan*, 504 U.S. at

7    560. Their case is "dependent on 'contingent future events that may not occur as

8    anticipated, or indeed may not occur at all." *See Trump*, 141 S. Ct. at 535 (quoting

9    *Texas*, 523 U.S. at 300).

10       Plaintiffs claim that the SBCC's postponement of the rules was not

11   procedurally proper under Washington law (ECF No. 47 at 7 ¶ 26), but it is not

12   clear what that gets Plaintiffs in this lawsuit. Regardless of whether Washington

13   law permits the SBCC to act as it did (and it does, *see* Wash. Rev. Code

14   §§ 34.05.360, .380), it is clear that neither the SBCC nor its members have any

15   intention of enforcing the challenged code provisions against Plaintiffs, even if

16   they could. And without that, Plaintiffs do not have standing. *See Thomas*,

17   220 F.3d at 1140 (for plaintiffs to have standing "the threat of enforcement must

18   at least be 'credible,' not simply 'imaginary or speculative.'") (quoting *Babbitt*

19   *v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

20       Further, Plaintiffs are unable to dispute that if they (and their customers)

21   apply for building permits in the meantime, their projects will vest under the

22   current rules, which do not contain the challenged provisions. *See* Decl. of

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  Dustin Curb (Curb Decl.) ¶ 6; *see also Hull v. Hunt*, 331 P.2d 856, 859 (1958)

2  ("[T]he right [to build] vests when the party, property owner or not, applies for

3  his building permit, if that permit is thereafter issued.").

4      For an additional reason, the utility and natural gas industry worker

5  Plaintiffs lack standing. Plaintiffs claim the delayed rules "have caused harm

6  through the erosion of their customer base through the permanent loss of new

7  customers over time." ECF No. 1 at 11 ¶ 41. But these customers could, just as

8  the Plaintiff builders and property owners, apply for permits under the rules as

9  they currently stand. And importantly, even if this Court enjoins the delayed rules

10  on a permanent basis, nothing will force these customers to choose natural gas

11  over electric appliances. This is a case where the remedy to utilities and other

12  natural gas industry participants depends on the "unfettered choices made by

13  independent actors not before the court[][.]" *See Lujan*, 504 U.S. at 562 (quoting

14  *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)). Because an order from this

15  court will not require a change in the behavior of third parties, these Plaintiffs'

16  claimed injuries cannot be remedied by the Court, and they lack standing. *See*

17  *Pritikin v. Dep't of Energy*, 254 F.3d 791, 799 (9th Cir. 2001).

18      In sum, Plaintiffs have failed their burden of showing actual or imminent

19  injury resulting from the delayed rules, and their case is unripe. It must therefore

20  be dismissed for lack of subject matter jurisdiction.

21

22

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

**2.      This case is not prudentially ripe**

Even if the Amended Complaint met Article III's requirements, the Court should decline to exercise jurisdiction because this case is not prudentially ripe. The ripeness doctrine "'prevent[s] the courts, through avoidance of premature adjudication[] from entangling themselves in abstract disagreements." *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022) (quoting *Portman v County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)). To determine whether a case is prudentially ripe, courts consider (1) whether the issues are fit for judicial resolution and (2) the potential hardship to the parties if judicial resolution is postponed. *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th Cir. 2010) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)); *id*. at 1064 (finding certain claims were not prudentially ripe because they rested upon contingent future events that might not occur as anticipated, if at all). Here, neither prong is met.

First, the issues are not fit for judicial resolution at this stage because although Plaintiffs seek to challenge the rules on EPCA preemption grounds, the SBCC has delayed the rules' effective date for the express purpose of providing sufficient time to amend the rules if necessary to maintain compliance with EPCA in light of the Ninth Circuit's opinion. Deciding this case now, on the basis of rules that are not in effect and that may never go into effect, would make little sense. Rather, the Court should wait until it is clear what set of rules will govern.

Second, Plaintiffs have not shown a credible threat of harm from delaying adjudication until it is clear which set of rules are or will be in place. Delaying

DEFENDANT'S MOTION TO DISMISS
NO. 1:23-cv-03070-SAB

19

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   adjudication will not prejudice Plaintiffs' ability to bring a preemption challenge

2   to the rules that ultimately become effective. If the SBCC adopts amended rules

3   in light of *California Restaurant Association* (which would not go into effect

4   until at least 30 days after they are filed, *see* Wash. Rev. Code § 34.05.380(2)),

5   Plaintiffs may determine that the amended rules do not raise preemption

6   concerns—further underscoring the lack of ripeness here. But if Plaintiffs still

7   believe the amended rules are preempted, or if the SBCC decides to cease

8   rulemaking and allow the delayed rules to take effect, Plaintiffs can bring a

9   challenge at that time (if it complies with the Eleventh Amendment and other

10  jurisdictional requirements). Any future action would have the benefit of actual

11  facts about which set of rules are or will be in place, rather than pure conjecture.

12  In the meantime, Plaintiffs cannot dispute that if they have a building project

13  ready to go, then they can apply for a permit and vest under the rules as they are

14  right now. Curb Decl. ¶ 6. Under prudential considerations, too, Plaintiffs'

15  lawsuit is therefore unripe.

16              **V.    CONCLUSION**

17          The Court should dismiss the Amended Complaint as barred by the

18  Eleventh Amendment and for lack of subject matter jurisdiction.

19

20

21

22

DEFENDANT'S MOTION TO
DISMISS
NO. 1:23-cv-03070-SAB

20

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr. SW
Po Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    DATED this 17th day of July 2023.

2                                ROBERT W. FERGUSON
                                 Attorney General
3

4                                /s/ Emma Grunberg
                                 R. JULY SIMPSON, WSBA #45869
5                                WILLIAM MCGINTY, WSBA #41868
                                 DIERK MEIERBACHTOL, WBSA #31010
6                                SARAH E. SMITH, WSBA #55770
                                 Assistant Attorneys General
7                                EMMA GRUNBERG, WSBA #54659
                                 Deputy Solicitor General
8                                July.Simpson@atg.wa.gov
                                 William.McGinty@atg.wa.gov
9                                Dierk.Meierbachtol@atg.wa.gov
                                 Sarah.E.Smith@atg.wa.gov
10                               Emma.Grunberg@atg.wa.gov
                                 Attorneys for Defendants
11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANT'S MOTION TO          21          ATTORNEY GENERAL OF WASHINGTON
DISMISS                                            Complex Litigation Division
NO. 1:23-cv-03070-SAB                              7141 Cleanwater Dr. SW
                                                        Po Box 40111
                                                   Olympia, WA 98504-0111
                                                       (360) 709-6470

1

## DECLARATION OF SERVICE

2          I hereby declare that on this day I caused the foregoing document to be

3     electronically filed with the Clerk of the Court using the Court's CM/ECF System

4     which will serve a copy of this document upon all counsel of record.

5          DATED this 17th day of July 2023, at Seattle, Washington.

6

7                              */s/ Emma Grunberg*
                              EMMA GRUNBERG, WSBA #54659
8                              Deputy Solicitor General

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DEFENDANT'S MOTION TO DISMISS          22          ATTORNEY GENERAL OF WASHINGTON
NO. 1:23-CV-03070-SAB                                    Complex Litigation Division
                                                         7141 Cleanwater Dr. SW
                                                         PO Box 40111
                                                         Olympia, WA 98504-0111
                                                         (360) 709-6470